Connecticut Local Form 420B (Notice of Objection to Claim)                                                                03/2023

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

In re: | CRISTINA MARTINEZ

*[Set forth here all names including married, maiden, and trade names used by debtor within last 8 years.]*

Debtor(s)

Case No. : 24-20167

Chapter: 7

## NOTICE OF OBJECTION TO CLAIM

| Claim No: | Claimant: |
|-----------|-----------|
| 11        | Sarah Bakx |

Anthony S. Novak, Chapter 7 Trustee has filed an objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

[**Note to Objecting Party**: You must choose a response date that is at least thirty (30) days after the date the Objection to Claim is filed, unless otherwise ordered.]

If you do not want the Court to eliminate or change your claim, then on or before

**June 8 , 2026**

you or your lawyer must file with the Court a written response to the objection, explaining your position.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above. Your response should be mailed to:

United States Bankruptcy Court
District of Connecticut
450 Main Street, Hartford CT 06103

Page 1 of 2

Connecticut Local Form 420B (Notice of Objection to Claim)                                                                                03/2023

In re: | CRISTINA MARTINEZ | Case No. : | 24-20167

*[Set forth here all names including married, maiden, and trade names used by debtor within last 8 years.]*

Debtor(s)

Chapter: 7

A copy of your response should also be mailed to:

Anthony S. Novak, Esq., Chapter 7 Trustee

(Objector and Objector's attorney, if applicable, name and address)

280 Adams Street, Manchester, CT 06042

(Names and addresses of others to be served)

    If you or your attorney do not take these steps, the Court may decide that you do not oppose the objection to your claim.

Date: May 7, 2026

Signature: /s/ Anthony S. Novak

Name: Anthony S.Novak, Chapter 7 Trustee

Address: 280 Adams St.,Manchester CT 06042

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE | : | |
| | : | **CHAPTER 7** |
| CRISTINA MARTINEZ | : | **CASE NO. 24-20167-JJT** |
| | : | |
| DEBTOR | : | **MAY 7, 2026** |

**TRUSTEE'S OBJECTION TO PROOF OF CLAIM NO. 11**
**FILED BY SARAH BAKX IN ITS ENTIRETY**

Anthony S. Novak, Chapter 7 Trustee of the Chapter 7 Estate of Cristina Martinez (hereinafter "Trustee") hereby objects to Proof of Claim No. 11 filed by Sarah Bakx (hereinafter "Claimant") in its entirety and in support of said objection, represents as follows:

1.      Cristina Martinez (the "Debtor") filed a personal Chapter 7 bankruptcy petition on February 29, 2024 which was given the Case No. 24-20167-JJT   Anthony S. Novak was appointed the Chapter 7 Bankruptcy Trustee in regard to this case and is acting in said capacity.

2.      The Claimant filed Claim No. 11 in the amount of $287,164.12. The claim indicates that this claim is a Domestic Support Obligation (including alimony and child support) under 11 USC §507(a)(1)(A) or (a)(1)(B).

3. The basis of the claim appears to be a divorce settlement agreement between Sarah Bakx fka Sarah Steffanci-Murray dated March 29, 2013 which is attached to said proof of claim.

4. William Murray, IV subsequently married the Debtor Cristina Martinez.

5. William Murray, IV (the Decedent) and non-Debtor died on December 25, 2022 with a MetLife group life insurance policy with a death benefit of $480,000.+.

6. Both the Debtor and Sarah Bakx made claim to Mr. Murray's life insurance proceeds which resulted in an interpleader action concerning the proper ownership and

1

distribution of the life insurance proceeds entitled <u>Metropolitan Life Insurance Company vs. Bakx, et al</u> United States District Court, District of Connecticut, Case No. 23-CV-1474(KAD).

7.  Said claim of Ms. Martinez became property of her Chapter 7 bankruptcy estate.

8.  In a Memorandum of Decision in regard to a Motion for Summary Judgment (ECF No. 71), the District Court (Dooley, J.) Held that the life insurance proceeds at issue were the property of the Bankruptcy Estate of Cristina Martinez (see Exhibit A).

9.  Subsequent to the District Court's March 30, 2026 Decision, Sarah Bakx filed a proof of claim on April 27, 2026 designated as Claim #11 in the Chapter 7 Estate of Cristina Martinez in the amount of $287,164.12.  The basis for this claim was "Domestic Support Obligations (including alimony and child support under 11 USC §507(a)(1)(A) or (a)(1)(B)".  Attached to the proof of claim is the statement that "Pursuant to the 2013 Agreement, this obligation is a priority claim."  The creditor asserts this is a Domestic Support Obligation (DSO) entitled to priority under 11 USC §507(a)(1).

Also attached is the 2013 State of Connecticut Divorce Settlement Agreement between William Murray and his ex-wife Sarah Murray aka Sarah Bakx.

The Trustee objects to the entire Proof of Claim #11 filed by Sarah Bakx for the following reasons:

a.  The claims date for proof of claims was August 16, 2024.  Sarah Bakx was given notice of the Chapter 7 bankruptcy filing of Cristina Martinez and was aware of the Chapter 7 filing at least since March 2024.

b.  Sarah Bakx has no claim against the Debtor Cristina Martinez as Ms. Martinez does not owe child support or alimony to Sarah Bakx or her minor son.  The support and/or alimony obligations cited by Ms. Bakx was owed by William Murray who is not a Chapter 7 debtor in this case.

2

c. The life insurance proceeds are exclusively an asset of the Bankruptcy Estate of Cristina Martinez pursuant to the District Court's ruling and Memorandum of Decision dated March 30, 2026 in Case No. 23-cv-1474 (KAD) <u>Metropolitan Life Insurance Company v. Bakx et al</u>.

d. The fact that Sarah Bakx or her son are not beneficiaries of Mr. Murray's life insurance proceeds and are not entitled to the District Court interpleader funds does not somehow make them creditors of Cristina Martinez or the Chapter 7 Bankruptcy Estate of Cristina Martinez who are the legal beneficiaries of the life insurance proceeds under both State and Federal law.

WHEREFORE, the Trustee requests that this Court sustain the Trustee's Objection to Proof of Claim #11 filed by Sarah Lyn Bakx in its entirety, award the Chapter 7 Bankruptcy Estate attorney's fees of $1,500.00 to defend the filed claim which Ms. Bakx knew or should have known had no basis in law or fact, and that the Trustee have such further relief as the Court deems proper and just.

CHAPTER 7 TRUSTEE

By /s/ *Anthony S. Novak*
Anthony S. Novak
Chapter 7 Trustee
Fed. Bar #ct09074
280 Adams Street
Manchester, CT 06042-1975
Tel: 860-432-7710
Email: anthonysnovak@aol.com

3

<u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing were served via Notice of Electronic Filing for parties or counsel who are registered filers and via first class mail, postage prepaid to all other parties as follows this 7th day of May 2026 to the following:

Office of the U.S. Trustee-via ECF

Sarah Bakx
835 Saturn Ct.
Marco Island, FL 34145
(Claimant #11)

Cristina Martinez
47 Hillsboro Drive
West Hartford, CT 06107
(Debtor)

Audra Buckland, Esq. - via ECF
(Debtor's Counsel)

*/s/ Anthony S. Novak*
Anthony S. Novak

4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

METROPOLITAN LIFE INSURANCE ) CASE NO. 23-cv-1474 (KAD)
COMPANY )
    *Plaintiff,* )
)
)
v. )
)
) March 30, 2026
BAKX, *et al,* )
    *Defendants.*

## MEMORANDUM OF DECISION
### RE: MOTION TO DISMISS (ECF NO. 68) AND MOTION FOR SUMMARY JUDGMENT (ECF NO. 71)

Kari A. Dooley, United States District Judge:

This interpleader action concerns the proper distribution of life insurance proceeds following the death of William E. Murray, IV (the "Decedent"), who had not designated a beneficiary to his life insurance policy by the time of his death. There are two Claimants for the proceeds. The first is the Decedent's ex-wife, Sarah Bakx, who relies upon a marriage dissolution agreement requiring the Decedent to maintain a life insurance policy for the benefit of their minor son. The second is Cristina Martinez, the Decedent's wife at the time of his death. Ms. Martinez's interest is pursued by the Trustee in Ms. Martinez's Chapter 7 Bankruptcy proceeding. Before the Court is the Trustee's Motion to Dismiss for lack of subject matter jurisdiction, *see* Mot. to Dismiss, ECF No. 68, and the Trustee's Motion for Summary Judgment, *see* Mot. for Sum. J., ECF No. 71.

Upon review of the record submissions, for the reasons that follow, the Court finds that the Bankruptcy Estate of Cristina Martinez is entitled to the interpleader funds. The Motion to Dismiss, ECF No. 68, is **DENIED**. The Motion for Summary Judgment, ECF No. 71, is **GRANTED**.

**EXHIBIT A**

**Background**

The Court assumes the parties' familiarity with the complicated procedural and factual history in this matter. The Court provides the following summary of the allegations only to provide context to its decision. As discussed *infra*, the allegations are largely undisputed.

Metropolitan Life Insurance Company ("MetLife") initiated this action as an interpleader. Compl., ECF No. 1. On January 1, 2015, MetLife issued a group life insurance policy to The Travelers Companies, Inc. ("Travelers") to provide basic life benefits to their employees and retirees. *Id.* at ¶¶ 7–8. The Decedent, an employee at Travelers, was a participant in the plan at the time of his death and he qualified for the plan's benefits. *Id.* at ¶ 8. Following the Decedent's death, MetLife was met with competing claims for the $480,000 owed in connection with the policy issued. *Id.* at ¶ 9. These competing claims come from Ms. Bakx and Ms. Martinez. *Id.* Ms. Bakx is the former spouse of the Decedent, with their divorce finalized in 2013. *Id.* at ¶¶ 16–17. Ms. Martinez is the surviving spouse of the Decedent. *Id.* at ¶ 15.

Ms. Bakx's claim for the insurance policy derives from language in her marriage dissolution agreement with the Decedent. *Id.* at ¶ 17. The agreement required the Decedent to maintain a life insurance policy with an unencumbered death benefit of $500,000 on behalf of the Decedent and Ms. Bakx's minor son, W.M. *Id.* Ms. Martinez was married to the Decedent at the time of his death. *Id.* at ¶ 15. Ms Martinez's claim is based on the language of the plan itself as the spouse of the Decedent. *Id.* at ¶¶ 13, 15. The plan provides that if there is no beneficiary designated, as was the case here, the beneficiary will be determined by a set order, with the surviving spouse being the first priority. *Id.* at ¶ 13. MetLife, as a stakeholder, declined to determine the proper beneficiary of the policy benefits to avoid exposure to double liability. *Id.* at ¶ 23. Accordingly, MetLife brought this action to request that the Court determine to whom the

2

policy benefits should be paid. *Id.* at ¶ 24. MetLife has deposited the funds with the Registry of the Court. *See* Order, ECF No. 25.

In February 2024, Martinez filed a petition under Chapter 7 of the U.S. Bankruptcy Code. Mot. to Substitute, ECF No. 40 at 2. Attorney Anthony Novak was named Trustee of the Bankruptcy Estate of Ms. Martinez and has therefore been substituted by this court as her successor in interest. *Id.*; Order, ECF No. 41. On behalf of Ms. Martinez's bankruptcy estate, Novak has filed a Motion to Dismiss and a Motion for Summary Judgment. Mot. to Dismiss, ECF No. 68; Mot. for Sum. J., ECF No. 71.[1]

**Standard of Review**

The standard under which courts review motions for summary judgment is well-established. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," while a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citations omitted).

Significantly, the inquiry being conducted by the court when reviewing a motion for summary judgment focuses on "whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because

---

[1] Although the Trustee pursues both dispositive motions independently, *see* ECF No. 71 at 1, the Court finds that in granting the Motion for Summary Judgment, it is not necessary to address the full merits of the Motion to Dismiss. The Court finds, contrary to the Trustee's argument, that the Court has subject matter jurisdiction over this claim. Rule 22 of the Federal Rules of Civil Procedure allows a stakeholder to interplead multiple defendants when their claims are such that they may "expose a plaintiff to double or multiple liability." Fed. R. Civ. P. 22(a)(1). There must also be an independent jurisdictional basis — here the parties are diverse and the amount in controversy is in excess of $75,000. 28 U.S.C. § 1332. As such, the Court has jurisdiction to adjudicate the matter and the Motion to Dismiss is DENIED.

3

they may reasonably be resolved in favor of either party." *Id.* at 250. As a result, the moving party may satisfy his burden under Rule 56 "by showing . . . that there is an absence of evidence to support the nonmoving party's case" at trial. *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted). Once the movant meets his burden, the nonmoving party "must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'" *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56(e)). "[T]he party opposing summary judgment may not merely rest on the allegations or denials of his pleading" to establish the existence of a disputed fact. *Id.*; *accord Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990). "[M]ere speculation or conjecture as to the true nature of the facts" will not suffice. *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citations and internal quotation marks omitted). Nor will wholly implausible claims or bald assertions that are unsupported by evidence. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991); *Argus Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 45 (2d Cir. 1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

In determining whether there exists a genuine dispute as to a material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)). "In deciding a motion for summary judgment, the district court's function is not to weigh the evidence or resolve issues of fact; it is confined to deciding whether a rational juror could find in favor of the non-moving party." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 254 (2d Cir. 2002) (citation omitted).

## Facts

The facts are taken from the Trustee's Local Rule 56(a)1 Statement of Undisputed Facts, and the record evidence submitted. In contravention of the Local Rules, Ms. Bakx did not dispute any of the Trustee's factual assertions and did not submit a Rule 56(a)2 statement at all. *See* Opp. to Mot. for Sum. J., ECF No. 74. As such, all of the Trustee's factual assertions that are supported by record evidence are deemed admitted. *See, e.g., Buell v. Hughes*, 568 F. Supp. 2d 235, 237 (D. Conn. 2008) (citing D. Conn. L. Civ. R. 56(a); *SEC v. Global Telecom Servs. LLC*, 325 F. Supp. 2d 94, 109 (D. Conn. 2004)) (admitting paragraphs that the nonmoving party denied because the denials did not cite affidavits or evidence, contrary to the Local Rules); *Matteson v. Safeco Ins. Co. of Ill.*, 593 F. Supp. 3d 5, 10 (D. Conn. 2022) (finding a court may deem all supported facts admitted where a party "has not submitted a Rule 56(a)2 Statement at all").[2]

MetLife issued the life insurance policies at issue in this matter that were in place when the Decedent died on December 25, 2022. Tr. LRS, ECF No. 71-3 at ¶ 2. The Decedent was employed by Travelers and the policies were procured through Travelers' ERISA[3]-controlled employee benefits plan. *Id.* at ¶ 3. Ms. Bakx and the Decedent were divorced in 2013. *Id.* at ¶ 6. The Decedent married Ms. Martinez on November 24, 2018. *Id.* at ¶ 7.

The insurance policies are governed by the applicable ERISA plan documents. *Id.* at ¶ 9; *see also* Joint Status Report, ECF No. 46 at 7. The plan documents provide that if there is no designated beneficiary of the life insurance policies, the proceeds are payable to the decedent's surviving spouse. Tr. LRS, ECF No. 71-3 at ¶ 10. The Decedent had not designated a beneficiary

---

[2] Although she failed to submit a Local Rule 56(a)2 Statement, Ms. Bakx's opposition contains multiple factual assertions wholly unsupported by record evidence. *See* Opp. to Mot. for Sum. J., ECF No. 74.

[3] Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.

5

under the policies. *Id.* ¶ 11. The parties do not dispute that Ms. Martinez is the Decedent's surviving spouse. Id. at ¶ 8.

The 2013 dissolution agreement between the Decedent and Ms. Bakx contained the following provision:

> "[Decedent] shall maintain [Ms. Bakx] as Trustee for the minor child [W.M.] as sole, irrevocable beneficiary on a policy of life insurance having an unencumbered death benefit of at least $500,000.00 until the minor child's 23rd birthday . . . In the event that [Decedent] dies without life insurance according to the terms of this agreement, then the requirements as set forth in this paragraph shall become a priority claim against his estate. [Decedent] shall provide [Ms. Bakx] with the annual proof of compliance with this order on the anniversary date of the divorce and shall authorize [Ms. Bakx] to check on [the] policy status directly with the insurance company."

Ex., ECF 71-2 at 39–40.

Notwithstanding the requirements set forth above, the Decedent did not maintain such a policy and Ms. Bakx never sought nor received proof of compliance with this provision, annually or ever. Joint Status Report, ECF No. 46 at 6–7. Moreover, Ms. Bakx did assert a priority claim against the Decedent's estate. *Id.* at 7. The administrator of the estate accepted Ms. Bakx's priority claim and she received the total proceeds of the CETERA 401(k) account that the decedent maintained in the amount of $212,835.88 on behalf and for the benefit of their minor son. *Id.*

**Discussion**

The Trustee moves for summary judgment on the grounds that (1) distribution of the proceeds of life insurance policies must be paid pursuant to the terms of the plan documents and (2) state laws and remedies are preempted by ERISA and unavailable to Ms. Bakx and her minor son. *See* Mot. for Sum. J., ECF No. 71-1 at 1.

*Distribution of Life Insurance Policy Proceeds*

The Trustee first moves for summary judgment on the basis that policy proceeds must be distributed according to the plan terms. Mot. for Sum. J., ECF No. 71-1 at 5–6. The plan documents identify the surviving spouse as the rightful distributee, which in this instance, entitles the Trustee to the distribution of the funds as the representative of the surviving spouse's bankruptcy estate. *Id.*; Order, ECF No. 41. The Court agrees.

The parties do not dispute that the plans at issue here are governed by ERISA. *See* Joint Status Report, ECF No. 46 at 7. The Supreme Court has held that ERISA "generally obligates administrators to manage ERISA plans 'in accordance with the documents and instruments governing' them." *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 288 (2009) (internal citations omitted). "Thus, ERISA requires that 'benefits be paid . . . in accordance with plan documents.'" *Reliance Standard Life Ins. Co. v. Luna*, No. 21-0189 (GRB)(SIL), 2023 WL 9232955, at \*5 (E.D.N.Y. Dec. 8, 2023) (quoting *Egelhoff v. Egelhoff*, 532 U.S. 141, 150 (2001)).

Here, it is undisputed that the plan documents designate the policyholder's surviving spouse as the beneficiary when a beneficiary is not specified. Joint Status Report, ECF No. 46 at 7. It is further undisputed that Ms. Martinez was the surviving spouse at the time of the Decedent's death. *Id.* As Ms. Martinez's successor in interest, the Trustee, takes the place of Ms. Martinez and becomes the rightful distributee according to the plan documents. *See* Order, ECF No. 41.

Ms. Bakx's Opposition to the Motion for Summary Judgment is difficult to understand. To the extent she asserts claims under ERISA as a plan "fiduciary," *see* Opp. to Mot. for Sum. J., ECF No. 74 at 6, the argument appears to be spun of whole cloth. She had no role under the plan documents and the marriage dissolution did not somehow turn her into a fiduciary under ERISA. *See* Ex., ECF 71-2 at 39–40. She cites no authority to the contrary.

Ms. Bakx also asserts that she "has been granted discretionary authority in how the decedent[']s policy should be run and handled through court order[.]" Opp. to Mot. for Sum. J., ECF No. 74 at 6. This assertion is completely unsupported by fact or law. Although the marriage dissolution, indeed, required the decedent to keep a life insurance policy with their minor son as a beneficiary, Ex., ECF 71-2 at 39–40, Ms. Bakx has no such discretionary authority with respect to the policy. The marriage dissolution agreement allowed Ms. Bakx very limited authority: "[Decedent] shall provide [Ms. Bakx] with annual proof of compliance with this order on the anniversary date of the divorce and *shall authorize [Ms. Bakx] to check on [the] policy status directly with the insurance company.*" *Id.* at 40 (emphasis added). It is clear that Ms. Bakx had only the authority to check whether the Decedent was in compliance with his obligations. There is simply no suggestion that she can posthumously reform his ERISA benefits plan in a fashion that would force him to honor his marriage dissolution agreement. To the contrary, the parties had negotiated a remedy in the event that the Decedent were to breach the life insurance provision. *Id.* As a remedy, Ms. Bakx is entitled to a priority claim against his estate, which is a remedy she has pursued. *Id.*; Joint Status Report, ECF No. 46 at 7.

Finally, Ms. Bakx contends that because there was no beneficiary designated in the policy, "there should be no preference or priority given to Defendant Martinez." Opp. to Mot. for Sum. J., ECF No. 74 at 4. This assertion simply avers that the Court should *ignore* applicable plan documents, which this Court cannot do. *See Egelhoff*, 532 U.S. at 147; *see also Kennedy*, 555 U.S. at 288; Joint Status Report, ECF No. 46 at 7.

For the foregoing reasons, the Court finds there is no genuine issue of material fact that the plan provides for distribution to a surviving spouse if no beneficiary has been designated. Joint Status Report, ECF No. 46 at 7. The Trustee is entitled to judgment as a matter of law because

8

Ms. Martinez was the rightful distributee, *see id.*, and the Trustee is her successor in interest. *See* Fed. R. Civ. P. 56(a); Order, ECF No. 41.

*Preemption Under ERISA*

Notwithstanding the above, Ms. Bakx asserts that she is entitled, under Connecticut law, to have the proceeds placed in a constructive trust for the benefit of her minor child. *See* Opp. to Mot. for Sum. J., ECF No. 74 at 3–7. The Trustee maintains that Connecticut law is preempted by ERISA. Mot. for Summ. J., ECF No. 71-1 at 6–11. However, the Court need not determine whether the law upon which Ms. Bakx relies is preempted because even under Connecticut law, she is not entitled to a constructive trust. *See John Hancock Life Ins. Co. v. Curtin*, 219 Conn. App. 613 (2023) (Constructive trust not available where dissolution agreement requiring the maintenance of life insurance also included a remedy in the event the agreement was breached.) The Court sees no meaningful basis upon which to distinguish *John Hancock* from the circumstances presented here, especially where Ms. Bakx has already availed herself of the remedy provided under the dissolution agreement. See Joint Status Report, ECF No. 46 at 7.

Conclusion

For the foregoing reasons, the Trustee's Motion to Dismiss, ECF No. 68, is **DENIED** and the Motion for Summary Judgment, ECF No. 71, is **GRANTED**. The Clerk is directed to enter judgment for the Trustee. The Trustee shall submit a Proposed Order for the release of the Interpleader Funds on or before April 17, 2026.

SO ORDERED at Bridgeport, Connecticut, this 30th day of March 2026.

/s/ *Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE | : | |
| | : | CHAPTER 7 |
| CRISTINA MARTINEZ | : | CASE NO. 24-20167-JJT |
| | : | |
| | : | |
| DEBTOR | : | |

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO CLAIM NO. 11

Upon the Chapter 7 Trustee's Objection to Claim No. 11 (Doc ID #___) filed by Sarah Bakx having been heard by the Court, and good cause having been shown, it is hereby

ORDERED that Claim No. 11 filed by Sarah Bakx is hereby disallowed in full.