## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| Cristina Martinez | : | Bankruptcy Case No. 24-20167-JJT |
| | : | |
| Debtor | : | |
| | : | May 28, 2026 |
| | : | |

## OBJECTION TO MOTION FOR LEAVE TO FILE LATE PROOF OF CLAIM

The Debtor, CRISTINA MARTINEZ (the "Debtor"), through her counsel, LAW OFFICES OF NEIL CRANE, LLC, hereby objects to the Movant, Sarah Bakx's *Motion for Leave to File Late Proof of Claim*, and in support of the objection states as follows:

**FACTUAL BACKGROUND**

1. The above-captioned Debtor filed a petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code on February 29, 2024. Anthony S. Novak was appointed Trustee and is duly qualified and is acting in that capacity.

2. Metropolitan Life Insurance Company ("MetLife") had previously filed a *Complaint for Interpleader* ("Complaint") in the United States District Court of Connecticut on November 27, 2023, Case Number 23-CV-1474, citing both Movant and the Debtor as Defendants.

3. In its *Compliant*, MetLife indicated that Movant, Sarah Bakx ("Bakx"), and the Debtor, Cristina Martinez, filed competing claims to a death benefit in the amount of $100,000.00 and an optional life death benefit in the amount of $380,000.00 ("Plan Benefits") payable in connection with the life insurance policy issued to Decedent,

1

William E. Murray, IV. The Decedent purchased the ERISA controlled employee benefits plan of his employer, Travelers Insurance Co.

4.  The Decedent was the ex-spouse of the Movant, having dissolved her marriage to the Decedent pursuant to a 2013 Settlement Agreement.

5.  The Debtor married the Decedent on November 24, 2018 and remained married to him at the time of his death on December 25, 2022.

6.  MetLife never received a beneficiary designation for the Plan Benefits from either the spouse or ex-spouse prior to the Decedent's passing.

7.  On February 1, 2023, MetLife simultaneously received a life insurance claim form from Cristina Martinez and from Sarah Bakx, former spouse of the Decedent, who made a claim for the Plan Benefits on behalf of the Decedent's minor son, W.M.

8.  On July 16, 2025, Trustee Anthony Novak filed a *Motion for Summary Judgment* stating that the plan documents provide that if there is no designated beneficiary of the life insurance policy, the proceeds are payable to the Decedent's surviving spouse.

9.  On March 30, 2026, the District Court entered a Memorandum of Decision, granting the Motion for Summary Judgment stating that "the Court finds that the Bankruptcy Estate of Cristina Martinez is entitled to the interpleader funds." A copy of the *Memorandum of Decision* is attached hereto as Exhibit A.

**OBJECTION TO LEAVE TO FILE LATE PROOF OF CLAIM**

10. On March 1, 2024, Bakx was sent Notice of Chapter 7 Bankruptcy Case by physical mail to 835 Saturn Court, Marco Island, FL 34145 and her attorney Budlong & Budlong, LLC by the Bankruptcy Noticing Center, ECF 9.

2

11. On April 18, 2024, the Bankruptcy Court set the deadline for filing Proof of Claims by August 16, 2024.

12. Bakx was a listed creditor, was sent notice of the Proof of Claims deadline by physical mail at 835 Saturn Court, Marco Island, FL 34145, along with her counsel Budlong & Budlong, LLC by the Bankruptcy Noticing Center, ECF 18.

13. Bakx filed a Proof of Claim (Claim 11) on April 27, 2026, approximately a year and 8 months after the Proof of Claims Deadline set by the Bankruptcy Court.

14. Bakx was represented by counsel during the District Court proceeding as set forth on the Docket and attached hereto as Exhibit B.

15. Bakx cites to *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993)* for the proposition that the failure to file a timely Proof of Claim constitutes "excusable neglect."

16. *Pioneer*, however, is inapplicable in these circumstances since the Court clearly states at 507 U.S. 380, 389 (1993) "The "excusable neglect" standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases **but not in Chapter 7 cases.**" (emphasis added).

17. *Pioneer* thereafter states "The rules' differentiation between Chapter 7 and Chapter 11 filings corresponds with the differing policies of the two chapters. Whereas the aim of a Chapter 7 liquidation is the prompt closure and distribution of the debtor's estate, Chapter 11 provides for reorganization with the aim of rehabilitating the debtor and avoiding forfeitures by creditors." id. at 389.

18. Further, the Movant is attempting to relitigate the District Court's decision which awarded the insurance proceeds to the Debtor which is barred by the doctrine of res judicata.

19. In *Brown v. Felsen*, 442 U.S. 127, 131 (1979) "[r]es judicata ensures the finality of decisions. Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 973, 59 L.Ed.2d 210 (1979). Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Chicot County Drainage Dist. V. Baxter State Bank*, 308 U.S. 371, 378, 60 S. Ct. 317, 320, 84 L. Ed. 329 (1940)."

**BAKX IS NOT A CREDITOR OF THE DEBTOR**

20. Any domestic support obligations owed by the Decedent, ceased upon his passing and were not transferred to the Debtor.

21. Bakx has not received any Judgment finding the Debtor liable to her for any claims.

**ERISA PREMPTS ANY STATE LAW, CLAIMS OR DEFENSES**

22. The Employee Retirement Income Security Act ("ERISA") preempts any state law, claims or defenses raised by Bakx which might have otherwise impacted the distribution of interpleader benefits. See, e.g. *Egelhoff v. Egelhoff*, 532 US. 141 (2001) (observing that ERISA has a preemptive effective as it relates to state law remedies).

4

23. In *Kennedy v. Plan Administrator for DuPont Saving and Investment Plan*, 555 U.S. 285, 300, 129 S. Ct. 865 (2009), the Court observed that it adheres to the directives of plan documents that lets employers establish a uniform administrative scheme.

24. Upon these grounds, the Movant should neither be permitted to relitigate its claims before the District Court, nor be able to utilize an inapplicable standard to permit its extremely late filing of a proof of claim.

**WHEREFORE**, we respectfully request that the Court

1. Sustain this *Objection to Motion for Leave to File Late Proof of Claim*;

2. Award the Chapter 7 Debtor's attorney's fees of $1,500.00 to defend the filed claim filed by Sarah Bakx, which she knew or should have known had no basis in law or fact; and

3. Grant such other relief as deemed proper.

Cristina Martinez,
DEBTOR

Dated: 5/28/2026                    BY:  /s/ Stuart Caplan
Stuart Caplan, Esquire
Law Offices of Neil Crane, LLC
2679 Whitney Avenue
Hamden, CT 06518
(203) 230-2233
Email: stuart@neilcranelaw.com
Fed Bar #ct12643

5